# IN THE SUPREME COURT OF THE STATE OF NEVADA

FEDERAL HOUSING FINANCE AGENCY, IN ITS CAPACITY AS CONSERVATOR FOR THE FEDERAL NATIONAL MORTGAGE ASSOCIATION,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE MARK R. DENTON, DISTRICT JUDGE,
Respondents,
    and
WESTLAND LIBERTY VILLAGE, LLC; WESTLAND VILLAGE SQUARE, LLC; AND FEDERAL NATIONAL MORTGAGE ASSOCIATION,
Real Parties in Interest.

No. 82666

**FILED**

OCT 17 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER DENYING PETITION FOR WRIT OF PROHIBITION*

This original petition for a writ of prohibition challenges a district court order granting a preliminary injunction.[1]

---

[1]The preliminary injunction was entered by Judge Kerry Earley, who has since retired. As set forth in petitioner's April 2, 2021, notice regarding department reassignment, the case is currently assigned to Judge Mark R. Denton.

The district court issued a preliminary injunction that prevented Federal National Mortgage Association (Fannie Mae) and other "Enjoined Parties" from foreclosing on, interfering with, or taking other specified actions against Westland Liberty Village, LLC, and Westland Village Square, LLC. Federal Housing Finance Agency (FHFA), in its capacity as conservator for Fannie Mae, sought to intervene.

Prior to the district court permitting FHFA's intervention in the underlying matter, FHFA filed the instant writ petition requesting that this court dissolve the preliminary injunction. FHFA argues that the district court exceeded its jurisdiction under federal law, specifically 12 U.S.C. § 4617(f), and unlawfully restrained FHFA's ability to carry out its duties as conservator of Fannie Mae. FHFA additionally argues that the district court exceeded its jurisdiction under Nevada law by purporting to bind parties that were not before the court and by issuing an impermissibly vague order.

This court recently reversed the underlying preliminary injunction in *Federal National Mortgage Association v. Westland Liberty Village, LLC*, 138 Nev., Adv. Op. 57, ___ P.3d ___ (2022). Given that the preliminary injunction was reversed, we need not reach the issues raised in this writ petition. *See Degraw v. Eighth Judicial Dist. Court*, 134 Nev. 330, 332, 419 P.3d 136, 139 (2018) (explaining that this court's duty is to resolve justiciable controversies and that we generally may not give opinions on writ petitions that are moot).

Therefore, we decline to exercise our discretion to consider the extraordinary relief requested and

ORDER the petition DENIED.[2]



_____, C.J.
Parraguirre

_____, J.        _____, J.
Hardesty                                            Stiglich

_____, J.        _____, J.
Cadish                                               Pickering

_____, J.
Herndon


cc:    Hon. Mark R. Denton, District Judge
       Fennemore Craig P.C./Reno
       Arnold & Porter Kaye Scholer LLP/Washington DC
       Snell & Wilmer, LLP/Las Vegas
       Cooper & Kirk PLLC/Washington DC
       Campbell & Williams
       Law Offices of John Benedict
       John W. Hofsaess
       Holland & Hart LLP/Las Vegas
       Snell & Wilmer, LLP/Reno
       Eighth District Court Clerk

---

[2]The Honorable Abbi Silver having retired, this matter was decided by a six-justice court.

SUPREME COURT
OF
NEVADA

(O) 1947A